No. 2141.—LIQUIDATOR OF CLINTON AND PORT HUDSON RAILROAD COMPANY v. B. M. G. BROWN AND WIFE, and DELIA HAYNES v. THE SHERIFF AND OTHERS.

### (Consolidated cases.)

The fact that certain of the Clinton and Port Hudson Railroad bonds were kept in the same safe where the liquidator of the company kept its papers, books and assets did not operate a payment of the bonds nor an extinction of the mortgage.

Where the Sheriff held an execution issued in favor of the company directing the sale of the mortgaged property, nothing short of a payment into the Sheriff's hands would operate as a payment or satisfy the mortgage.

APPEAL from the Fifth District Court, parish of East Feliciana. Posey, J. S. E. Hunter, for plaintiff and appellee, Cross & Hardee, Race, Foster & E. T. Merrick, for defendants and appellants.

WYLY, J. The New Orleans Gaslight Company recovered judgment against the Clinton and Port Hudson Railroad Company for a large amount, and ordering the liquidator of said company (an insolvent corporation) to proceed to collect from the mortgage stockholders the amount due by them, to be applied to the payment of the claims of the Gaslight Company.

The liquidator, Charles McVea, accordingly sued out an order of

seizure and sale against certain lands near Clinton, Louisiana, which B. M. G. Brown and wife mortgaged to the Clinton and Port Hudson Railroad Company on the seventh of November, 1835, to secure his subscription of sixty-two shares of stock amounting to $6200.

Mrs. Delia Haynes, the owner of two hundred and seventy-two acres of the land, enjoined the sale. She acquired the land from her husband, Bythell Haynes, in settlement of his indebtedness to her for paraphernal funds, it having been purchased by him from the original mortgagor, B. M. G. Brown.

She alleges that the debt for which the land was seized is due by Brown; she verily believes it has already been paid and that the seizure and sale is for the benefit of Brown. That said debt was paid in the following manner, to wit: "The Gaslight Company, the real plaintiffs, sold to said Brown bonds and coupons sufficient to pay said debt, that said bonds were sold on the express condition that they were to be applied to the payment of this debt; and that as to plaintiff and defendant, said mortgage debt for which this seizure is made is actually settled. That said Brown being bound by law to pay said mortgage debt and having virtually paid it as herein set forth, cannot through the agency of his creditor thus seize and sell said tract of land sold by him to said Bythell Haynes, under whom petitioner holds with subrogation of all the rights of her husband."

Her petition concludes with a prayer for a writ of injunction for damages, and "that it be decreed that said mortgage debt is fully paid by the bonds in the hands of said Brown or McVea, sold by the Gaslight Company to him expressly to pay said debt."

On the twenty-fourth of September, 1863, James R. Shelton purchased the land in question from Mrs. Delia Haynes, and on the fourth of June, 1867, he intervened in this suit; adopting the allegations of Mrs. Haynes he prayed that the injunction be sustained, that the claim of the liquidator be rejected, the mortgage be erased and he be decreed the owner of the land.

The court below rendered judgment in favor of the defendant, dissolving the injunction without damages, dismissing the intervenor at his costs, and ordering the sheriff to proceed and sell the property seized as directed by the writ.

The plaintiff Mrs. Delia Haynes, and the intervenor James R. Shelton have appealed.

The question to determine is, has the mortgage to the Clinton and Port Hudson Railroad Company been paid?

Appellants contend it has. They insist that the Gaslight Company are virtually the owners of the mortgage under which the land in question was seized; that the original mortgagor Brown, purchased from said company their bonds for $6200, with the understanding that he was to use them in discharging the mortgage. They say this constitutes a payment.

We think the record does not sustain the assumption that the Gaslight Company are the owners or virtual owners of the mortgage.

We understand their judgment against the Clinton and Port Hudson Railroad Company to be simply a recognition of their claims against the insolvent corporation and an order requiring the liquidator to collect forthwith the claims in his hands and apply the proceeds to the payment of their judgment.

The judgment of the Gaslight Company did not decree them to be the actual or virtual owners of the mortgages held by their debtor, the insolvent corporation; the order requiring the liquidator to make collections and pay the judgment, did not operate as a transfer of the assets of the corporation.

The purchase by Brown of $6200 of the bonds and coupons of the Gaslight Company for $1200 in cash, even though receivable at par in satisfaction of the mortgage, did not amount to a payment of the mortgage. Even though they were sold to Brown for the express purpose of paying off the execution, still there would be no payment till the intention be carried into effect and the funds delivered to the sheriff or the liquidator. It is true the Gaslight Company received from Brown the $1200 in cash, but they delivered to him an equivalent, to wit: $6200 in their bonds and coupons, the market value of which was doubtless equal to the $1200. Until these bonds and coupons or the cash are paid over to the sheriff or liquidator, there can be no payment of the mortgage. The bonds and coupons of the Gaslight Company which they sold to Brown are still held by him. They have never been given to the liquidator in payment of the mortgage. The liquidator testifies he "never had absolute control over them so as to appropriate them to the payment of this debt."

It matters not where the bonds were kept, whether in the same safe or same portfolio that the liquidator kept the assets of the insolvent corporation, the bonds remained in possession of the attorney and agent of Brown—they were and are, in effect, in Brown's possession.

Bythell Haynes, the husband of the plaintiff, and to whose rights she is subrogated, was well aware of the existence of the mortgage on the property when he purchased it from Brown; it was stipulated in the act of sale that "he (Brown) does not and will not warrant" against the mortgage in favor of the Clinton and Port Hudson Railroad Company.

Bythell Haynes was the liquidator of the Clinton and Port Hudson Railroad Company at the time the Gaslight Company recovered their judgment. With a knowledge of all the facts he accepted title without warranty; and we consider the application comes with bad grace for relief under the equitable powers of this court.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.